UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 1:24-cv-13233-MPK

SHANA COTTONE,

        Plaintiff,

v.

CITY OF BOSTON, by and through its Treasurer, Ashley Groffenberger, and MICHELLE WU,

        Defendants.

**THE CITY OF BOSTON'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

The City of Boston (the "City") answers the Amended Complaint of plaintiff Shana Cottone (the "Plaintiff") as follows:

**ANSWER**

**The Parties**

1. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the City admits that Plaintiff was an employee of the City and was a member of the Boston Police Department ("BPD"). The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in this paragraph.

2. The City admits that it is a municipal corporation organized under the laws of the Commonwealth of Massachusetts and denies the remaining allegations contained in the first sentence of this paragraph. The City admits that BPD is a department of the City and that it employed Plaintiff, and denies the remaining allegations contained in the second sentence of this

paragraph. The third sentence of this paragraph contains legal conclusions to which no response is required.

3. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the City admits that Mayor Wu is an individual female of legal age who serves as Mayor and served in that capacity during relevant periods described in the Amended Complaint. The City denies the remaining allegations of this paragraph.

### Jurisdiction and Venue

4. This paragraph contains legal conclusions to which no response is required. The City does not dispute the existence of subject matter jurisdiction at this time.

5. This paragraph contains legal conclusions to which no response is required. The City does not dispute the existence of supplemental jurisdiction at this time.

6. This paragraph contains a legal conclusion to which no response is required. The City does not dispute that this Court is a proper venue for this litigation at this time.

7. This paragraph contains legal conclusions to which no response is required. The City does not dispute the existence of personal jurisdiction at this time.

### Administrative Procedures

8. Admitted.

9. Admitted.

### Factual Allegations

10. Admitted.

11. Admitted.

12. The City admits that Plaintiff received awards and citations during her employment of BPD. The City refers to her personnel record for those issued by BPD.

13. The City admits that Plaintiff is credited with saving lives during the 2013 Boston Marathon bombing. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in this paragraph.

14. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

15. Admitted.

16. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

17. Admitted.

18. Admitted.

19. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

20. Admitted.

21. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

22. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

23. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

24. Denied.

25. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

26. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

27. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

28. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

29. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

30. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

31. The City admits that beginning in 2022, protesters began protesting at the Mayor's personal residence and that Plaintiff was one of the regular protestors. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in this paragraph.

32. The City admits that Plaintiff filed a charge of discrimination with the MCAD in March 2022. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in this paragraph.

33. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

34. Denied.

35. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

36. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

37. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

38. Denied.

39. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

40. The City admits that Plaintiff was charged with disturbing the peace and that the ordinance referenced provides only for civil penalties. The City denies the remaining allegations contained in this paragraph.

41. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

42. The City denies that the charge was bogus. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in this paragraph.

43. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

44. Denied.

45. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

46. Denied.

47. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

48. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

49. Denied.

50. The City admits that the Internal Affairs Division ("IAD") file numbers listed in this paragraph are accurate and reference IAD complaints brought against Plaintiff. The City refers to the IAD complaints and investigation files for a complete and accurate recitation of their contents. The City is without knowledge or information sufficient to enable it to admit or deny the allegations regarding what Plaintiff contends but denies Plaintiff's characterizations of the underlying facts of the IAD complaints.

51. The City admits that the Police Commissioner terminated Plaintiff's employment after sustained findings of violations of the rules identified in this paragraph.

52. The City refers to the complaints and case files associated with the IAD case numbers identified in this paragraph for a complete and accurate recitation of their contents. The City denies the remaining allegations contained in this paragraph.

53. Denied.

54. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

55. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## CLAIMS AGAINST THE CITY OF BOSTON

### COUNT I
### RELIGIOUS DISCRIMINATION
### VIOLATION OF 42 U.S.C. § 2000e-2(a)

60. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-59 as if set forth fully herein.

61. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph as to Plaintiff's religious beliefs. The City admits that Plaintiff requested an exemption from the City's COVID-19 vaccination policy. The City denies the remaining allegations contained in this paragraph.

62. Denied.

63. Denied.

### COUNT II
### RELIGIOUS DISCRIMINATION
### VIOLATION OF MASS. GEN. LAWS c. 151B

64. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-63 as if set forth fully herein.

65. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph as to Plaintiff's religious beliefs. The City admits that Plaintiff requested an exemption from the City's COVID-19 vaccination policy. The City denies the remaining allegations contained in this paragraph.

66. Denied.

67. Denied.

## COUNT III
## RETALIATORY DISCHARGE
## VIOLATION OF 42 U.S.C. § 2000e-3(a)

68. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-67 as if set forth fully herein.

69. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

70. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

71. Denied.

72. Denied.

73. Denied.

74. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph..

75. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

76. The City admits that the Police Commissioner terminated Plaintiff after IAD sustained findings of rules violations. The City denies the remaining allegations contained in this paragraph.

77. Denied.

78. Denied.

## COUNT IV
## RETALIATORY DISCHARGE
## VIOLATION OF MASS. GEN. LAWS c. 151B

79. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-78 as if set forth fully herein.

8

80. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

81. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

82. Denied.

83. Denied.

84. Denied.

85. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph..

86. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

87. The City admits that the Police Commissioner terminated Plaintiff after IAD sustained findings of rules violations. The City denies the remaining allegations contained in this paragraph.

88. Denied.

89. Denied.

## COUNT V
## FIRST AMENDMENT RETALIATION
## VIOLATION OF 42 U.S.C. § 1983

90. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-89 as if set forth fully herein.

91. This paragraph contains legal conclusions to which no response is required. The City admits that it employed Plaintiff and that it is a public employer.

92. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

93. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

94. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

95. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

96. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

97. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

98. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

99. Admitted.

100. Admitted.

101. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

102. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

103. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

104. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

105. Admitted.

106. Denied.

107. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in this paragraph.

108. Denied.

109. Admitted.

110. The City admits that the Police Commissioner is the sole person with the authority to discipline or terminate Boston Police officers and that Cox was the Commissioner that terminated Plaintiff. The City denies the remaining allegations contained in this paragraph.

111. This paragraph contains legal conclusions to which no response is required.

112. Denied.

113. Denied.

114. Denied.

### CLAIMS AGAINST MAYOR WU

#### COUNT VI
#### VIOLATION OF 42 U.S.C. § 1983
#### FIRST AMENDMENT RETALIATION

115. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-114 as if set forth fully herein.

116-151. The allegations of these paragraphs are directed to a party other than the City, and thus no response is required. To the extent a response is required, the allegations contained in these paragraphs are denied.

## AFFIRMATIVE DEFENSES

Further answering, the City asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The City's employees at all times acted in good faith and upon reasonable belief that their actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

Plaintiff's Complaint fails to state a federal civil rights claim against the City under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### Fourth Affirmative Defense

Plaintiff's Complaint fails because the City did not maintain a well-settled municipal practice whose implementation was deliberately indifferent to the constitutional rights of Plaintiff.

### Fifth Affirmative Defense

Plaintiff's Complaint fails because the City did not maintain an unconstitutional policy or custom.

### Sixth Affirmative Defense

Plaintiff's Complaint fails because no decision or action by an official vested with policy-making authority was deliberately indifferent to the constitutional rights of Plaintiffs.

### Seventh Affirmative Defense

The City is a municipal corporation and its liability, if any, is limited by statute.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of sovereign immunity.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because she has failed to comply with statutory requirements and prerequisites to suit, including those found in M.G.L. c. 151B and Title VII.

### Twelfth Affirmative Defense

Plaintiff's claims are barred because she suffered no adverse employment action with respect to a term, condition or privilege of employment.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred because the City's employees did not undertake any action with discriminatory animus, but rather for legitimate, non-discriminatory reasons.

### Fourteenth Affirmative Defense

Plaintiff's claims fail because any retaliation, which is specifically denied, was not a substantial or motivating factor behind any adverse action against her and such adverse actions would have been taken without respect to retaliation.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred by applicable contractual provisions.

### Sixteenth Affirmative Defense

The City reserves the right to amend its answer and assert such other and further defenses as may become available or apparent during pretrial proceedings in this litigation and to rely on affirmative defenses asserted by other parties to this litigation.

**WHEREFORE**, the City respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint, enter judgment in its favor, and grant such other and further relief as this Court deems just and proper.

### JURY DEMAND

**THE CITY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

| | |
|---|---|
| Dated: March 3, 2026 | Respectfully submitted,<br>**CITY OF BOSTON**<br><br>By its attorney:<br><br>MICHAEL FIRESTONE<br>Corporation Counsel<br><br>/s/ Edward F. Whitesell, Jr.<br>Edward F. Whitesell, Jr. (BBO#644331)<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>Room 615, City Hall<br>Boston, MA 02201<br>(617) 635-4045<br>edward.whitesell@boston.gov |

**Certificate of Service**

I, Edward F. Whitesell, Jr., hereby certify that on March 3, 2026, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

                                                                                     /s/ Edward F. Whitesell, Jr.
                                                                                    Edward F. Whitesell, Jr.