**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:24-cv-13233-MPK**

SHANA COTTONE,

               Plaintiff,

v.

CITY OF BOSTON, by and through its
Treasurer, Ashley Groffenberger, and
MICHELLE WU,

               Defendants.

## PROTECTIVE ORDER

1.     With respect to the documents produced through discovery, the party producing

such documents may identify such documents as being Confidential Information. Documents

containing such Confidential Information shall be clearly marked "CONFIDENTIAL."[1] Any party

may challenge any other party's designation of a document as Confidential Information upon

motion to the Court. Until the Court rules on such motion, the party challenging the designation

shall treat it as Confidential Information as provided in this Protective Order.

2.     For the purposes of this case, Confidential Information shall include information

which is sensitive information generally unavailable to the public, not readily determinable from

other sources, and treated as confidential by the parties for the reason of privacy rights.

Confidential Information shall include, but is not limited to: CORI information, personnel and

---

[1] A party identifying a group of documents as Confidential Information need not mark each page
within the group but may instead make a collective designation by: (1) marking the initial page,
including reference to the total number of pages to be identified thereby as Confidential
Information; and (2) describing the group of documents so identified. A party may also designate
portions of documents as Confidential Information by producing such documents with redactions.

employment files, all medical records and/or medical bills, any records relating to any financial and/or medical history, and any records relating to disciplinary history (other than Boston Police Department Internal Affairs Division documents that are public records).

3.      As to the Confidential Information produced or revealed pursuant to Paragraphs 1 and 2, the parties and their attorneys shall use such Confidential Information only for purposes of this litigation and for no other purposes, and shall not disclose such Confidential Information except to the following described groups of persons:

(i)     Attorneys of record for the parties, including all co-counsel for the plaintiff and defendants, their investigators, consultants, independent contractors, witnesses, and employees directly assisting said attorneys of record and the parties, and the parties themselves, provided that counsel first informs the party of the terms of this Protective Order and the party agrees to be bound by its terms;

(ii)    Experts for the parties, provided the attorney of record first informs each expert that such Confidential Information to be disclosed is confidential, is to be held in confidence, and is to be used solely for the purpose of preparing for and presenting evidence in this litigation and further that these restrictions are imposed by a court order; and

(iii)   Any neutral jointly engaged by the parties.

4.      Each of the persons referred to in Paragraph 3(i) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of this Order.

5.      Each of the experts referred to in Paragraph 3(ii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of the Order.

6.      The attorneys for the parties, their investigators, consultants, independent contractors, and their employees and experts may make copies of the Confidential Information as needed in the litigation of this case.

7.      Confidential Information may be exhibited to deposition witnesses during their depositions and they may be questioned with respect to such Confidential Information during depositions; provided that, to the extent that the testimony given in any deposition or transcript thereof or any exhibits thereto incorporate, cite, or reveal the content of any document which has been marked as confidential, this testimony, transcript thereof, and/or any exhibits thereto shall be treated in the same manner as the Confidential Information itself and shall be subject to the restrictions on disclosure set forth in Paragraph 3 through 6.

8.      Subject to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be available for use at trial by any party. A party may use a document marked confidential in motion practice, if the Confidential Information will be completely redacted from the relevant filing or the parties agree to remove the designation. A party may remove a confidential designation from documents that it produced at any time, subject to the redaction requirements of Fed. R. Civ. P. 5.2.

9.      The parties and their counsel specifically agree that any claim of privilege, confidentiality, or admissibility into evidence is not waived or otherwise compromised in any way by this Protective Order.

10.     Upon final termination of the above-entitled action whether by verdict, settlement, dismissal, or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts, and others, including stenographers, unless the document becomes part of the public record at trial. Further, upon final termination of the above-entitled action, the original Confidential Information, including those portions of the deposition transcripts and deposition exhibits containing the Confidential Information and also including any and all copies made of the original Confidential Information, shall, upon written request of the producing party, be returned to the producing party or destroyed within 90 days of the written request.

11.     This Order may be modified by further order of this Court upon application to the Court with notice.

12.     The terms of this Order shall apply to Confidential Information provided by non-parties to this action who choose to designate material confidential.

_____

M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS

4